IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RIK LINEBACK,<br>    Petitioner,<br><br>v.<br><br>CHERRY CREEK ELECTRIC, INC.,<br>    Respondent. | Case No. 1:15-mc-01001-JES-JEH |

### Order

Now before the Court is the Petitioner's, Rik Lineback's, Petition for Attorney Fees (Doc. 9). For the reasons set forth below, the Court GRANTS the Petition.

### I

On January 23, 2015, the Petitioner filed an Application for Order Requiring Compliance with Subpoena Duces Tecum. In the Application, the Petitioner explained that the National Labor Relations Board (NLRB) process, which remained pending, began with the filing of an unfair labor practice charge against the Respondent.[1] As part of the investigation into the Respondent's alleged unfair labor practices, the NLRB requested on September 5, 2014 that Respondent return a completed questionnaire on commerce in order to allow the NLRB to determine if the Respondent met the appropriate jurisdictional standards under the National Labor Relations Act. After unsuccessful attempts to get the Respondent to complete and return the questionnaire, the Petitioner caused to be issued to the Respondent a subpoena duces tecum requiring the

---

[1] An investigation was commenced by the General Counsel of the NLRB, on behalf of the NLRB, under the supervision and direction of the Regional Director for Region 25 of the NLRB.

1

Respondent to produce certain financial documents before the NLRB by November 20, 2014.  The Respondent did not pick up the subpoena from the Post Office and after more failed attempts to reach the Respondent by telephone, the Petitioner was able to speak with the Respondent, confirm Respondent's correct address, and obtain Respondent's agreement to complete the questionnaire. Upon receipt of the completed questionnaire, the Respondent determined that some of the responses needed clarification.  Yet more attempts to obtain a revised completed questionnaire were unsuccessful.

On November 25, 2014, the NLRB caused to be issued three identical new subpoenas duces tecum directed to the Respondent at its three known addresses requiring the Respondent to produce certain financial documents before the NLRB on December 9, 2014.  Finally, on December 31, 2014, the Petitioner informed the Respondent that the NLRB would file a petition to enforce the subpoenas if no response was received by January 7, 2015.  The Respondent did not reply.

On June 2, 2015, the Petitioner filed a Motion to Issue Order Requiring Compliance to Subpoena Duces Tecum after summons was served on the Respondent on February 19, 2015.  The Respondent did not file an answer in this matter and had not complied with the subpoena duces tecum as of June 2, 2015. Accordingly, the Court entered its Order Requiring Compliance to Subpoena Duces Tecum granting:  1) the NLRB's Application for Order Requiring Compliance to Subpoena Duces Tecum and Motion to Issue an Order Requiring Compliance; 2) directing the Respondent to appear by its custodian of records on a date and time designated by the Regional Director of Sub-Region 33 or his designated agent and produce all subpoenaed documents called for in the three subpoenas duces tecum issued on November 25, 2014; and 3) ordered that the Respondent reimburse the NLRB for all costs and expenditures incurred by the

NLRB for the investigation, preparation, and final disposition of this enforcement proceeding, including attorney fees and expenses incurred in initiating and prosecuting the instant subpoena enforcement action. At the time it entered the Order Requiring Compliance to Subpoena Duces Tecum, the Court gave the Petitioner leave to file a fee petition for the costs and fees incurred by the NLRB for the investigation, preparation, and final disposition of this enforcement proceeding.

## II

In the Petition for Attorney Fees, the Petitioner seeks reimbursement from the Respondent in the amount of $900.00. The Petitioner included in support of its Petition an Expense Log and Declaration of Rebekah Ramirez (Field Attorney for the NLRB). The Petitioner seeks compensation at the rate of $150.00 per hour for attorneys' fees and $75.00 per hour for field examiner and non-attorneys' time which the Petitioner states are at or below the current market rate for the Indianapolis, Indiana market for litigation attorneys and professional staff.[2]

Though the National Labor Relations Act is silent on the award of attorneys' fees and costs incurred in pursuing a subpoena enforcement proceeding, Federal Rule of Civil Procedure 81 provides the authority for the imposition of costs and fees incurred in this matter. FRCP 81(a)(5) provides:

> [The Federal Rules of Civil Procedure] apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings.

Accordingly, the Court grants the Petitioner's request pursuant to FRCP 37. FRCP 37(a)(5)(A) provides:

---

[2] Indiana is where the Regional Attorney, Joanne Mages as well as the Field Attorney, Rebekah Ramirez, for Region 25 are located.

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

See *Lineback v Shaw Associates, LLC*, 2009 WL 1396295, *1 (SD Ind) (NLRB's motion for attorney fees and costs associated with attending a hearing regarding its application to enforce subpoena duces tecum granted pursuant to FRCP 37 which the court determined applied in accordance with FRCP 81(a)(5)); *National Labor Relations Board v Coughlin*, 2005 WL 850964, *5 (SD Ill) (assessing fees and costs pursuant to FRCP 37 in action by NLRB seeking obedience to investigative subpoenas); *National Labor Relations Board v Midwest Heating and Air Conditioning, Inc*, 528 F Supp 2d 1172, 1180 (D Kan 2007) (finding that the Federal Rules of Civil Procedure were applicable to attorney fee and costs request pursuant to FRCP 81(a)(3) and (5) where the expenses were incurred in enforcing subpoena in district court).

    Here, the Respondent did not file an answer, nor did it file any opposition to the Motion to Issue Order Requiring Compliance to Subpoena Duces Tecum or to the Petition for Attorney Fees.  The procedural history in this matter makes clear that the Petitioner attempted in good faith to obtain the Respondent's compliance before Petitioner brought this action.  In light of the procedural history, particularly the Respondent's failure to appear and respond, the

Respondent has failed to establish that it was substantially justified in failing to comply with the Petitioner's requests and subpoenas.

Finally, the attorney fees and expenses in the amount of $900.00 the Petitioner seeks here are reasonable.  The Petitioner provided the Declaration of NLRB Field Attorney Rebekah Ramirez who detailed the manner in which the NLRB kept record of the time it spent working on this matter, how many individuals (and in what capacity) worked on this matter, what those individuals did, and the calculation used to determine the final amount of fees and expenses requested.  The cited current Indianapolis, Indiana market the Petitioner used for calculating hourly rates is appropriate where two of the NLRB attorneys who worked on this matter are located there.  See *National Labor Relations Board v McNulty*, 2006 WL 5610445, *1 (SD Ind) (ordering respondents to reimburse the NLRB for all attorneys' fees and costs incurred in connection with the subpoena enforcement proceeding, the attorneys' fees to be calculated at the prevailing market rate).

### III

For the foregoing reasons, the Petitioner's Petition for Attorney Fees (Doc. 9) is GRANTED.  The Respondent is directed to reimburse the NLRB in the amount of $900.00 (nine hundred dollars) for the attorney fees and expenses incurred by the NLRB for the investigation, preparation, and final disposition of this enforcement proceeding.  The payment shall be made to the National Labor Relations Board within 30 (thirty) days from the entry of this Order.

*It is so ordered.*

Entered on August 6, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE