IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RIK LINEBACK, Regional Director of Region 25, for and on behalf of National Labor Relations Board,<br>    Plaintiff,<br><br>v.<br><br>CHERRY CREEK ELECTRIC, INC.,<br>    Defendant. | Case No. 1:15-mc-1001-JES-JEH |

**Report and Recommendation**

Now before the Court is the NLRB's Motion for Adjudication and Order in Civil Contempt and for Other Civil Relief (Doc. 11) filed on February 29, 2016. For the reasons stated below, the Court recommends that the Motion for Adjudication be GRANTED.

**I**

Pursuant to 28 U.S.C. § 636(e)(4), a United States magistrate judge may exercise civil contempt authority of the district court only in those cases in which the magistrate judge presides with the consent of the parties under Section 636(c) and in any misdemeanor case proceeding before a magistrate judge under 18 U.S.C. § 3401. 28 U.S.C. § 636(e)(6)(B) provides in relevant part:

> Upon the commission of any such act in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where . . . the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by

reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Civil contempt must be established by clear and convincing evidence. *Prima Tek II, L.L.C. v. Klerk's Plastic Industries, B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). If the defending party raises the defense of inability to comply with the order, that party has the burden of production. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

In accordance with 28 U.S.C. § 636(e)(6)(B)(iii), the Court certifies the following facts supporting a finding of contempt.

## II

1) Petitioner NLRB's Application for Order Requiring Compliance with Subpoena Duces Tecum arose as a result of events in an unfair labor practice proceeding currently pending before the NLRB. The NLRB commenced an investigation into the alleged unfair labor practices by Respondent Cherry Creek Electric, Inc. As part of the investigation, the NLRB requested that Respondent return a completed questionnaire on commerce in order to allow the NLRB to determine if Respondent met the appropriate jurisdictional standards that would establish if Respondent's business was "affecting commerce" under Section 2(7) of the National Labor Relations Act. No completed questionnaire was forthcoming and so the NLRB caused to be issued a subpoena duces tecum via certified mail, directed to the Respondent, requiring the Respondent to produce certain financial documents before the NLRB by November 20, 2014.

2) By November 19, 2014, Respondent had failed to pick up the subpoena at the Post Office and the Regional Director made several failed attempts to contact

Respondent by telephone.  The Regional Director eventually made contact with the Respondent by telephone and confirmed Respondent's correct address, obtained agreement that Respondent would complete the commerce questionnaire if the Region could send the form via email.  A representative of the Regional Director emailed the questionnaire to Respondent on November 19, 2014 with a request that it be completed by November 20, 2014.

3)   On November 20, 2014, the Respondent submitted a completed questionnaire via email.  The NLRB requested clarification and the Respondent replied that it would send a revised questionnaire.  The Respondent never submitted a revised questionnaire.  The NLRB thereafter properly served three identical new subpoenas duces tecum on the Respondent on November 25, 2014 to Respondent's address, its President's address, and its registered agent's address requiring the Respondent to produce certain financial documents before the NLRB by December 9, 2014 at the Regional Office located at 300 Hamilton Boulevard, Suite 200, Peoria, Illinois.  The Respondent did not appear as directed and did not file a petition to revoke those subpoenas.

4)   On January 23, 2015, the NLRB filed in this Court an Application for Order Requiring Compliance with Subpoena Duces Tecum.

5)   The NLRB served its Application for Order by certified mail upon Respondent's known addresses on January 23, 2015 and hand-delivered the Summons issues to Cherry Creek Electric, Inc. to its registered agent.

6)   On June 3, 2015, the undersigned Magistrate Judge entered an order granting the NLRB's Application and further ordering that Respondent appear by its custodian of records before a duly designated agent of the NLRB at 101 SW Adams Street, Suite 400, Peoria, Illinois on a date and at a time designated by the Regional Director of Sub-Region 33 and at such other times and places as he may designate and then and there produce all subpoenaed documents called for in

the three subpoenas duces tecum. The Court also ordered that the Respondent reimburse the NLRB for all costs and expenditures incurred by the NLRB for the investigation, preparation, and final disposition of this enforcement proceeding, including attorney fees and expenses incurred in initiating and prosecuting the subpoena enforcement action.

7) By Affidavit attached to the present Motion, Tiffany Miller, a Field Examiner for the NLRB's Sub-Region 33 in Peoria, Illinois, states that by letter dated June 16, 2015, a copy of the June 3, 2015 Order was sent to Respondent and requested that all documents be provided by June 26, 2015 at the NLRB's Sub-Region 33 office in Peoria, Illinois. Miller states that the letter and copy of the Order were sent by certified mail to Respondent's address, Respondent's President Robert Jenkin's home address, and the address of registered agent J. William Sharpe. The certified mail receipt from J. William Sharpe was returned to the NLRB signed. The letters sent to Respondent and its President Jenkins[1] were returned to the NLRB unclaimed.

8) Miller further states that on July 16, 2015, she called and spoke to President Jenkins to give the Respondent another opportunity to comply with the June 3, 2015 Order. Miller states that Jenkins claimed he had been out of State doing work and that he had never received the NLRB's letters and denied receipt of its subpoena. Miller states that she informed Jenkins that the NLRB served his registered agent Sharpe and that the Court issued an order requiring he comply with the subpoena and that the NLRB had served a copy of the Order at his home address, work address, and his registered agent's address. Miller states that she confirmed Jenkins's address. Miller states she asked if she could email Jenkins the June 3rd Order, he said yes, and he gave her his email address. She

---

[1] The NLRB provided a copy of the Illinois Secretary of State website where Cherry Creek Electric, Inc.'s President is listed as Robert Jenkins in Edelstein, Illinois. *See* (Doc. 12-3 at pg. 7).

4

states that she emailed Jenkins a copy of the June 3rd Order on July 16, 2015 and provided Respondent until July 24, 2015 to comply. Miller states that Respondent again failed to produce the documents or make any contact with the Regional Office.

9) On August 6, 2015, the undersigned Magistrate Judge entered an Order granting the NLRB's Petition for Attorney Fees and ordered that the Respondent reimburse the NLRB in the amount of $900.00 within 30 days from the entry of the Order.

10) By Affidavit attached to the present Motion, Joshua Hinkle, Office Manager for the NLRB Sub-Region 33 in Peoria, Illinois, states that on about January 21, 2016, he sent by certified mail a copy of the August 6th Order to Respondent's known addresses. He states that the letter sent to two of the addresses was returned to the Regional Office unclaimed, but that Respondent's registered agent signed the certified mail receipt for the copy of the August 6th Order. Hinkle also states that on January 26, 2016, he personally delivered to Respondent at the address of its agent, J. William Sharpe, a copy of the August 6th Order, and he attempted to serve a copy of that Order at Respondent's office and home address but nobody was present.

11) To date, there is nothing in the record to indicate that Respondent Cherry Creek Electric, Inc. has produced the requested records or made contact with the Regional Office or that it has reimbursed the NLRB $900.00.

### III

29 U.S.C. § 161(2) provides:

> In case of contumacy or refusal to obey a subpena [sic] issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or

resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

To sustain its contempt claim, the NLRB must prove by clear and convincing evidence that: 1) the Court's Order requiring obedience to the NLRB's subpoena duces tecum sets forth an unambiguous command; 2) the Respondent violated that command; 3) the Respondent's violation was significant, meaning it did not substantially comply with the Court's Order; and 4) the Respondent failed to take steps to reasonably and diligently comply with the Court's Order. *Prima Tek II, L.L.C.*, 525 F.3d at 542.

Here, as demonstrated above by the Certification of Facts, the NLRB has shown by clear and convincing evidence that: 1) the Court's June 3, 2015 Order required obedience to the NLRB's Subpoenas Duces Tecum, and the Order set forth an unambiguous command; 2) the Respondent Cherry Creek Electric, Inc. violated and remains in violation of that command; 3) the Respondent's violation was significant as it did not comply whatsoever with the Court's June 3, 2015 Order; and 4) the Respondent did not take steps to reasonably and diligently comply with the Court's Order.

There also remains, as shown above by the Certification of Facts, an Order directing the Respondent to reimburse the NLRB's attorney fees and expenses it incurred in this enforcement proceeding which the Respondent appears to continue to disregard. In its Motion for Adjudication, the NLRB also seeks a further order directing the Respondent and President Jenkins to each pay a fine of $500 per day for each day they fail to comply with the Court's Orders and to

pay the NLRB, as compensatory damages, the costs it incurred in seeking compliance with the Court's Order in this contempt proceeding including, but not limited to, reasonable attorneys' fees and costs. Given the Respondent's continued failure to comply with the NLRB's requests and the Court's Orders, a daily fine for each day the Respondent fails to comply and an award of reasonable attorney fees and costs is appropriate in this case.  *See Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) ("Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions" and attorney's fees may be awarded in contempt proceedings at the court's discretion).

## IV

For the foregoing reasons, the Court recommends that the NLRB's Motion for Adjudication and Order in Civil Contempt and for Other Civil Relief (Doc. 11) be GRANTED and that Respondent Cherry Creek Electric, Inc. and its presumptive custodian of records Robert Jenkins be ordered to appear at a date certain before District Judge James E. Shadid to show cause why an order of civil contempt should not be entered against the Respondent.  Unless the Respondent satisfactorily shows cause why it disregarded this Court's June 3, 2015 Order, the Court recommends that the Respondent be found in civil contempt.

The Court further recommends that the Respondent be ordered to purge itself of contempt by contacting Board Agent Tiffany Miller of Sub-Region 33 at 309-671-7088 within five (5) days of the date of the Court's contempt order, to arrange a date and time to appear at the NLRB's Peoria, Illinois offices, such date to be no later than fourteen (14) days after the date of the Court's contempt order, on such date to then appear and produce the documents requested in Subpoena Duces Tecum Nos. B-1-K4T4RH, B-1-K4QZ15, and B-1-K4SJ7X, and to

7

supply and swear to the truth of any required testimony relating to said documents.

The Court further recommends that in the event the Respondent does not purge itself of contempt, and upon the NLRB's filing of an affidavit showing the same, Respondent Cherry Creek Electric, Inc. and President Jenkins each pay a fine of $500 per day for each day they fail to comply with the Court's Orders.

The Court further recommends that the NLRB be awarded reasonable costs and attorney fees associated with bringing this action.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on March 23, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE